# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| DAVID A. HENSLEY ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| vs. ) | CASE NO. 5:24-cv-00378-KKC |
| ) | |
| DIMENSION SERVICE CORPORATION, *et. al.* ) | |
| ) | |
| DEFENDANTS ) | |
| _____ ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant, Pelican Investment Holdings, LLC (Pelican), by counsel, and for its Answer to the First Amended Complaint filed by the Plaintiff, David A. Hensley (Hensley), states as follows:

1. Numerical paragraph 1 of Hensley's First Amended Complaint does not state factual allegations for which a response is required by Pelican. However, Pelican denies such allegations to the extent a response is required.

2. Pelican admits the allegations set forth in numerical paragraph 2 of Hensley's First Amended Complaint.

3. Pelican is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in numerical paragraph 3 of Hensley's First Amended Complaint and, therefore, denies same.

4. Numerical paragraph 4 of Hensley's First Amended Complaint does not state factual allegations for which a response is required by Pelican. However, Pelican denies such allegations to the extent a response is required.

5. Numerical paragraph 5 of Hensley's First Amended Complaint does not state factual allegations for which a response is required by Pelican. However, Pelican denies such allegations to the extent a response is required.

6. Pelican admits the allegations set forth in the first sentence of numerical paragraph 6 of Hensley's First Amended Complaint. Pelican denies the allegations set forth in the second sentence of numerical paragraph 6 of Hensley's First Amended Complaint.

7. Numerical paragraph 7 of Hensley's First Amended Complaint does not state factual allegations for which a response is required by Pelican. However, Pelican denies such allegations to the extent a response is required.

8. Numerical paragraph 8 of Hensley's First Amended Complaint sets forth a legal conclusion for which a response is not required from Pelican. However, Pelican denies such allegation to the extent that a response is required.

9. Numerical paragraph 9 of Hensley's First Amended Complaint sets forth a legal conclusion for which a response is not required from Pelican. However, Pelican denies such allegation to the extent that a response is required.

10. Numerical paragraph 10 of Hensley's First Amended Complaint sets forth a legal conclusion for which a response is not required from Pelican. However, Pelican denies such allegation to the extent that a response is required.

11. Numerical paragraph 11 of Hensley's First Amended Complaint sets forth a legal conclusion for which a response is not required from Pelican. However, Pelican denies such allegation to the extent that a response is required.

12. Numerical paragraph 12 of Hensley's First Amended Complaint sets forth a legal conclusion for which a response is not required from Pelican. However, Pelican denies such allegation to the extent that a response is required.

13. Numerical paragraph 13 of Hensley's First Amended Complaint sets forth a legal conclusion for which a response is not required from Pelican. However, Pelican denies such allegation to the extent that a response is required.

14. Numerical paragraph 14 of Hensley's First Amended Complaint sets forth a legal conclusion for which a response is not required from Pelican. However, Pelican denies such allegation to the extent that a response is required.

15. Numerical paragraph 15 of Hensley's First Amended Complaint sets forth a legal conclusion for which a response is not required from Pelican. However, Pelican denies such allegation to the extent that a response is required.

16. Numerical paragraph 16 of Hensley's First Amended Complaint sets forth a legal conclusion for which a response is not required from Pelican. However, Pelican denies such allegation to the extent that a response is required.

17. Numerical paragraph 17 of Hensley's First Amended Complaint sets forth a legal conclusion for which a response is not required from Pelican. However, Pelican denies such allegation to the extent that a response is required.

18. Numerical paragraph 18 of Hensley's First Amended Complaint sets forth a legal conclusion for which a response is not required from Pelican. However, Pelican denies such allegation to the extent that a response is required.

19. Numerical paragraph 19 of Hensley's First Amended Complaint sets forth a legal conclusion for which a response is not required from Pelican. However, Pelican denies such allegation to the extent that a response is required.

20. Numerical paragraph 20 of Hensley's First Amended Complaint sets forth a legal conclusion for which a response is not required from Pelican. However, Pelican denies such allegation to the extent that a response is required.

21. Numerical paragraph 21 of Hensley's First Amended Complaint sets forth a legal conclusion for which a response is not required from Pelican. However, Pelican denies such allegation to the extent that a response is required.

22. Numerical paragraph 22 of Hensley's First Amended Complaint sets forth a legal conclusion for which a response is not required from Pelican. However, Pelican denies such allegation to the extent that a response is required.

23. Numerical paragraph 23 of Hensley's First Amended Complaint sets forth a legal conclusion for which a response is not required from Pelican. However, Pelican denies such allegation to the extent that a response is required.

24. Numerical paragraph 24 of Hensley's First Amended Complaint sets forth a legal conclusion for which a response is not required from Pelican. However, Pelican denies such allegation to the extent that a response is required.

25. Numerical paragraph 25 of Hensley's First Amended Complaint sets forth a legal conclusion for which a response is not required from Pelican. However, Pelican denies such allegation to the extent that a response is required.

26. Numerical paragraph 26 of Hensley's First Amended Complaint sets forth a legal conclusion for which a response is not required from Pelican. However, Pelican denies such allegation to the extent that a response is required.

27. Pelican denies the allegations set forth in numerical paragraph 27 of Hensley's First Amended Complaint.

28. Numerical paragraph 28 of Hensley's First Amended Complaint does not state factual allegations for which a response is required by Pelican. However, Pelican denies such allegations to the extent a response is required.

29. Numerical paragraph 29 of Hensley's First Amended Complaint does not state factual allegations for which a response is required by Pelican. However, Pelican denies such allegations to the extent a response is required.

30. Pelican denies the allegations set forth in numerical paragraph 30 of Hensley's First Amended Complaint.

31. Pelican denies the allegations set forth in numerical paragraph 31 of Hensley's First Amended Complaint.

32. Pelican denies the allegations set forth in numerical paragraph 32 of Hensley's First Amended Complaint.

33. Pelican denies the allegations set forth in numerical paragraph 33 of Hensley's First Amended Complaint.

34. Pelican denies the allegations set forth in numerical paragraph 34 of Hensley's First Amended Complaint.

35. Pelican denies the allegations set forth in numerical paragraph 35 of Hensley's First Amended Complaint.

36. Pelican denies the allegations set forth in numerical paragraph 36 of Hensley's First Amended Complaint.

37. Numerical paragraph 37 of Hensley's First Amended Complaint does not state factual allegations for which a response is required by Pelican. However, Pelican denies such allegations to the extent a response is required.

38. Numerical paragraph 38 of Hensley's First Amended Complaint does not state factual allegations for which a response is required by Pelican. However, Pelican denies such allegations to the extent a response is required.

39. Numerical paragraph 39 of Hensley's First Amended Complaint does not state factual allegations for which a response is required by Pelican. However, Pelican denies such allegations to the extent a response is required.

40. Pelican denies the allegations set forth in numerical paragraph 40 of Hensley's First Amended Complaint.

41. Pelican denies the allegations set forth in numerical paragraph 41 of Hensley's First Amended Complaint.

42. Pelican is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in numerical paragraph 42 of Hensley's First Amended Complaint and, therefore, denies same.

43. Numerical paragraph 43 of Hensley's First Amended Complaint sets forth a legal conclusion for which a response is not required from Pelican. However, Pelican denies such allegation to the extent that a response is required.

44. Pelican denies the allegations set forth in numerical paragraph 44 of Hensley's First Amended Complaint.

45. Pelican is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in numerical paragraph 45 of Hensley's First Amended Complaint and, therefore, denies same.

46. Pelican is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in numerical paragraph 46 of Hensley's First Amended Complaint and, therefore, denies same.

47. Pelican denies the allegations set forth in numerical paragraph 47 of Hensley's First Amended Complaint.

48. Pelican denies the allegations set forth in numerical paragraph 48 of Hensley's First Amended Complaint.

49. Pelican denies the allegations set forth in numerical paragraph 49 of Hensley's First Amended Complaint.

50. Pelican denies the allegations set forth in numerical paragraph 50 of Hensley's First Amended Complaint.

51. Pelican is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in numerical paragraph 51 of Hensley's First Amended Complaint and, therefore, denies same.

52. Numerical paragraph 52 of Hensley's First Amended Complaint sets forth a legal conclusion for which a response is not required from Pelican. However, Pelican denies such allegation to the extent that a response is required.

53. Pelican is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in numerical paragraph 53 of Hensley's First Amended Complaint and, therefore, denies same.

54. Pelican is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in numerical paragraph 54 of Hensley's First Amended Complaint and, therefore, denies same.

55. Pelican is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in numerical paragraph 55 of Hensley's First Amended Complaint and, therefore, denies same.

56. Pelican denies the allegations set forth in numerical paragraph 56 of Hensley's First Amended Complaint.

57. Pelican is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in numerical paragraph 57 of Hensley's First Amended Complaint and, therefore, denies same.

58. Pelican denies the allegations set forth in numerical paragraph 58 of Hensley's First Amended Complaint.

59. Pelican denies the allegations set forth in numerical paragraph 59 of Hensley's First Amended Complaint.

60. Pelican denies the allegations set forth in numerical paragraph 60 of Hensley's First Amended Complaint.

61. Pelican denies the allegations set forth in numerical paragraph 61 of Hensley's First Amended Complaint.

62. Pelican denies the allegations set forth in numerical paragraph 62 of Hensley's First Amended Complaint.

63. Pelican denies the allegations set forth in numerical paragraph 63 of Hensley's First Amended Complaint.

64. Pelican denies the allegations set forth in numerical paragraph 64 of Hensley's First Amended Complaint.

65. Pelican denies the allegations set forth in numerical paragraph 65 of Hensley's First Amended Complaint.

66. Pelican denies the allegations set forth in numerical paragraph 66 of Hensley's First Amended Complaint.

67. Pelican denies the allegations set forth in numerical paragraph 67 of Hensley's First Amended Complaint.

68. Pelican is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in numerical paragraph 68 of Hensley's First Amended Complaint and, therefore, denies same.

69. Pelican denies the allegations set forth in numerical paragraph 69 of Hensley's First Amended Complaint.

70. Pelican denies the allegations set forth in numerical paragraph 70 of Hensley's First Amended Complaint.

71. Pelican denies the allegations set forth in numerical paragraph 71 of Hensley's First Amended Complaint.

72. Pelican denies the allegations set forth in numerical paragraph 72 of Hensley's First Amended Complaint.

73. Pelican denies the allegations set forth in numerical paragraph 73 of Hensley's First Amended Complaint.

74. Pelican denies the allegations set forth in numerical paragraph 74 of Hensley's First Amended Complaint.

75. Pelican denies the allegations set forth in numerical paragraph 75 of Hensley's First Amended Complaint.

76. Pelican denies the allegations set forth in numerical paragraph 76 of Hensley's First Amended Complaint.

77. Pelican denies the allegations set forth in numerical paragraph 77 of Hensley's First Amended Complaint.

78. Pelican denies the allegations set forth in numerical paragraph 78 of Hensley's First Amended Complaint.

79. Pelican denies the allegations set forth in numerical paragraph 79 of Hensley's First Amended Complaint.

80. Pelican denies the allegations set forth in numerical paragraph 80 of Hensley's First Amended Complaint.

81. Pelican denies the allegations set forth in numerical paragraph 81 of Hensley's First Amended Complaint.

82. Numerical paragraph 82 of Hensley's First Amended Complaint sets forth a legal conclusion for which a response is not required from Pelican. However, Pelican denies such allegation to the extent that a response is required.

83. Numerical paragraph 83 of Hensley's First Amended Complaint sets forth a legal conclusion for which a response is not required from Pelican. However, Pelican denies such allegation to the extent that a response is required.

84. Pelican denies the allegations set forth in numerical paragraph 84 of Hensley's First Amended Complaint

85. Each and every allegation set forth in Hensley's First Amended Complaint that are not specifically admitted herein is hereby denied by Pelican.

86. Pelican reserves the right to amend this Answer as may be warranted by facts disclosed during the course of discovery.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

As an affirmative defense, Pelican specifically pleads that Hensley's First Amended Complaint fails to state a claim against it for which relief may be granted.

### SECOND DEFENSE

As an affirmative defense, Pelican specifically pleads that Hensley's First Amended Complaint must be dismissed to the extent that it fails to name and join all real parties in interest and/or all indispensable, necessary, and proper parties.

**THIRD DEFENSE**

As an affirmative defense, Pelican specifically pleads that the damages alleged in Hensley's First Amended Complaint, if any, were the direct and proximate result of the sole and/or comparative negligence of persons or entities not presently parties to this lawsuit.

**FOURTH DEFENSE**

As an affirmative defense, Pelican specifically pleads that the damages alleged in Hensley's First Amended Complaint, if any, were avoidable consequences, since Hensley failed to mitigate or reduce his alleged damages, if any.

**FIFTH DEFENSE**

As an affirmative defense, Pelican specifically pleads that Hensley has waived his right to assert a claim against it and is, therefore, estopped to do so in this lawsuit.

**SIXTH DEFENSE**

As an affirmative defense, Pelican specifically pleads that Hensley's First Amended Complaint is barred, in whole or in part, by the applicable statute of limitations and/or the equitable doctrine of laches.

**SEVENTH DEFENSE**

As an affirmative defense, Pelican specifically pleads that the injuries and damages alleged in Hensley's First Amended Complaint, if any, were the direct and proximate result of superseding and/or intervening causes over which Pelican had no responsibility or control.

**EIGHTH DEFENSE**

As an affirmative defense, Pelican states that Hensley's First Amended Complaint is barred due to insufficiency of service of process and lack of jurisdiction over the person.

**NINTH DEFENSE**

As an affirmative defense, Pelican specifically pleads the doctrine of accord and satisfaction, and the terms of any release or settlement and/or contractual agreement, entered into by any parties to this action, including any and all contractual agreements of any kind or nature whatsoever that purport to release any claim or claims made against it, regardless of when said agreement is finalized and/or executed, including any and all such agreements that may be executed in its favor by any party, at any time, past, present, or in the future.

**TENTH DEFENSE**

Pelican asserts the affirmative defense that to the extent Hensley seeks to impose punitive or exemplary damages, any such claims for punitive or exemplary damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the Commonwealth of Kentucky. Any law, statute or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that,

without limitation, it:

(1) lacks constitutionally sufficient standards to guide the discretion used in determining whether to award punitive damages;

(2) is void for vagueness in that it fails to provide adequate notice as to what conduct will result in punitive damages;

(3) unconstitutionally may permit recovery of punitive damages in any amount that is not both reasonable and proportionate to the amount of harm, if any, to Hensley and to the amount of compensatory damages, if any;

(4) unconstitutionally may permit consideration of net worth or other financial information;

(5) does not expressly prohibit awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics;

(6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages award;

(7) lacks constitutionally sufficient standards for appellate review of any punitive damages award; and

(8) otherwise fails to satisfy Supreme Court precedent.

## **ELEVENTH DEFENSE**

Hensley's claims fail because it does not meet the jurisdictional requirements under Kentucky law. Hensley alleges that he has been on the Kentucky Do Not Call since December 2015. However, Hensley resided in New York in 2021 and has a New York-based phone number (area code 212).

## **RESERVATION OF RIGHTS**

Pelican reserves the right to amend this Answer or to assert any additional defenses that become known and available to it. Pelican reserves the right to file a Third-Party Complaint against any party against whom such claim may be warranted by facts disclosed during the course of discovery.

WHEREFORE, the Defendant, Pelican Investment Holdings, LLC, prays the Court as follows:

1. That Hensley's First Amended Complaint be dismissed with prejudice and he take nothing thereunder;

2. For a trial of this cause by jury;

3. That it recover the costs incurred herein, including reasonable attorney's fees and,

4. For any and all other just and proper relief to which it may appear entitled.

June 17, 2025

Respectfully submitted,

 */s/ J. Gregory Troutman*
J. GREGORY TROUTMAN (84473)
TROUTMAN LAW OFFICE, PLLC.
4205 Springhurst Boulevard, Suite 201
Louisville, KY 40241
(502) 412-9179
Counsel for Defendant,
Pelican Investment Holdings, LLC

# **CERTIFICATE OF SERVICE**

      I hereby certify that on June 17, 2025, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                    */s/ J. Gregory Troutman*
                                                 J. GREGORY TROUTMAN