# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| DAVID A. HENSLEY )<br><br>PLAINTIFF )<br>)<br>vs. )<br>)<br>DIMENSION SERVICE CORPORATION, *et. al.* )<br>)<br>DEFENDANTS )<br>_____ ) | CASE NO. 5:24-cv-00378-KKC |

### DEFENDANT, PELICAN INVESTMENT HOLDING, LLC'S, INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)

Pursuant to FED. R. CIV. P. 26(a)(1), the Defendant, Pelican Investment Holding, LLC (Pelican), by counsel, states as follows:

### GENERAL LIMITATIONS AND EXEMPTIONS

1. Pelican makes this disclosure upon a good faith review of the information readily available to it at this time. Pelican's investigation into all claims, counterclaims, and defenses are not complete and remain ongoing. Pelican reserves the right to make subsequent disclosures and to amend its disclosures in the course of discovery.

2. Pelican will withhold information and not disclose information protected by the attorney-client privilege or protected by the work product doctrine. Such information includes, without limitation, information prepared at the request of Pelican's attorneys or by attorneys of Pelican or its representatives or agents in anticipation of litigation or for trial, any materials containing or reflecting mental

impressions, conclusions, opinions, and/or legal theories or the bases thereof of any attorneys for Pelican, or any other applicable privileges. However, disclosure of the identity and existence of such information in no way constitutes a waiver of any applicable attorney-client privilege or privilege under the work product doctrine or any other applicable privileges.

3. Pelican, in making its initial disclosures, does not waive any objection based upon relevance, materiality, confidentiality, privilege, immunity from disclosure, or other grounds available under the Federal Rules of Civil Procedure.

4. Pelican will disclose the information required by FED. R. CIV. P. 26(a)(2)-(3) at a time agreed upon by the parties or when ordered to do so by this Court.

## INITIAL DISCLOSURES

### A. PERSONS WHO MAY HAVE DISCOVERABLE INFORMATION (FED. R. CIV. P. 26 (a)(1)(A)(i)

Pursuant to FED. R. CIV. P. 26(a)(1)(A)(i), based on the information currently available to Pelican, the following individuals may have knowledge of discoverable information that it may use to support the subject claims and defenses. Pelican may supplement this list of witnesses if further investigation or discovery results in the identification of additional persons. Unless otherwise specified, Pelican's employees, former employees, and consultants should be contacted through its general counsel at WEISS LAW GROUP, P.A., 5531 N. University Drive, Suite 103, Coral Springs, Florida 33067.

| NAME | SUBJECT MATTER |
|---|---|
| Corporate Representative of Pelican Investment Holding, LLC<br><br>c/o Undersigned Counsel | - Communications, or lack thereof with Plaintiff.<br>- Information and documents related to the alleged phone call and accounts.<br>- Calling and selling policies and procedures.<br>- Pelican's defenses.<br>- General knowledge of the defenses raised in Pelican's Motion to Dismiss.<br>- General knowledge of the defenses raised in Pelican's Answer and Affirmative Defenses.<br>- Documents produced (if any) by Pelican.<br>- Knowledge regarding the allegations made in the First Amended Complaint relating to the alleged violations.<br>- Information regarding Plaintiff's opt-in. |
| David A. Hensley<br><br>c/o James H. Lawson, Esq. | - Knowledge regarding the allegations made in the First Amended Complaint relating to the alleged violations.<br>- Procedures for filing TCPA cases.<br>- Call logs for other TCPA cases.<br>- Call logs for this case.<br>- Opt-In Information.<br>- Detailed lists and information on various TCPA claims and demands made. |

In addition to the persons identified above, Pelican may rely on the persons and/or entities disclosed by the Plaintiff or any other defendant, as well as any other persons or entities who are deposed or provide documents in this case.

### B. DOCUMENTS (FED. R. CIV. P. 26(a)(1)(ii))

Pursuant to FED. R. CIV. P. 26(a)(1)(A(ii), Pelican identifies the following documents, electronically stored information, and tangibles that it may use to support its defenses. Pelican identifies these documents as Pelican_00001 to 00084. Pelican may supplement this list of documents if further investigation or discovery results in the identification of additional categories of materials.

Pelican will make available all documents, data compilations, and tangible things that are likely to bear significantly on any claim or defense for inspection on a mutually convenient date and time at the offices of its counsel. The categories of documents include, but are not limited to:

   a. Plaintiff's consent/opt-in;
   b. Account documents and notes relating to the account(s) at issue;
   c. Records of communications allegedly made to Plaintiff;
   d. Recordings of conversations, if any;
   e. Documents evidencing Pelican's calling policies and procedures.

This production is subject to and without waiver of any applicable objection or privilege. Pelican reserves the right to supplement/amend this Initial Disclosure.

### C. DAMAGES (Fed. R. Civ. P. 26(a)(1)(iii))

Pelican has not completed its computation of the damages, if any, it may claim in this action. Pelican requires additional discovery before it can ascertain the existence of any damages or produce any computation thereof. Pelican is in the process of exploring the assertion of a counterclaim. Damages are continuing. Pelican reserves the right to seek attorneys' fees, costs and any and all other remedies

the Court determines to be owed to it as a result of this lawsuit. Pelican reserves the right to supplement this response in the future.

### D. INSURANCE AGREEMENTS (FED R. CIV. P. 26(a)(1)(iv))

Pelican is not aware of any insurance agreement that would be called upon to respond in whole or in part to the claims in this suit. Pelican reserves the right to supplement and/or amend this Initial Disclosure.

Dated: June 30, 2025

Respectfully submitted,

*/s/ J. Gregory Troutman*
J. GREGORY TROUTMAN (84473)
TROUTMAN LAW OFFICE, PLLC.
4205 Springhurst Boulevard, Suite 201
Louisville, KY 40241
(502) 412-9179
Counsel for Defendant,
Pelican Investment Holdings, LLC

### CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2025, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ J. Gregory Troutman*
J. GREGORY TROUTMAN