# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| DAVID A. HENSLEY | ) |
|     PLAINTIFF | ) |
| vs. | ) CASE NO. 5:24-cv-00378-KKC |
| DIMENSION SERVICE CORPORATION, *et. al.* | ) |
|     DEFENDANTS | ) |

## DEFENDANT'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

Pursuant to FED. R. CIV. P. 36, the Defendant, Pelican Investment Holdings, LLC (Pelican), by counsel, submits the following Objections and Responses to the Requests for Admissions propounded by the Plaintiff, David A. Hensley (Hensley).

## GENERAL OBJECTIONS

The following general objections apply in these Responses. To the extent that one or more of these general objections are recited hereinafter in response to a specific Request for Admissions, the objections are provided because they are believed to be particularly applicable to such Request and are not to be construed as a waiver of any other general objection applicable to information falling within the scope of the specific response.

1. Pelican objects to Hensley's Requests to the extent they seek information presently unknown by it.

2. Pelican objects to Hensley's Requests to the extent that they request information which is not in its possession; is already in Hensley's possession; has already been produced; or is obtainable from some other source that is more convenient, less burdensome or less expensive.

3. Pelican objects to Hensley's Requests to the extent that they request information which is a matter of public record, and the burden of Hensley obtaining such information from a search of public records is essentially the same as it is for Pelican.

4. Pelican objects to Hensley's Requests to the extent that it is asked to provide information subject to the attorney-client privilege, work product immunity or other exemption from discovery.

5. Pelican objects to Hensley's Requests to the extent that they are overly broad in requesting information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6. Pelican's Responses to Hensley's Requests are made subject to and without waiver of:

    (a) all objections as to competency, relevancy, materiality, privilege and admissibility of information provided;

    (b) all objections to the use of any information on any ground at any proceeding in this action or any other action;

    (c) all objections to any demand or request for further response to this or any other discovery request in this action;

    (d) the right at any time to amend, review, correct, add to, supplement or clarify any of the responses contained herein; and

(e) the right to assert factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is concluded.

**OBJECTIONS AND RESPONSES TO**
**REQUESTS FOR ADMISSIONS**

Subject to the foregoing general objections, and based on his present information and belief, Pelican responds to Hensley's Requests for Admissions as follows:

**REQUEST NO. 1**: Admit that PELICAN made all of the Unanswered Calls to PLAINTIFF listed in ¶46 of PLAINTIFF's First Amended Complaint.

**RESPONSE**: Pelican objects to this Request on the basis that it is not within the proper scope of a request for admission under FED. R. CIV. P. 36 as it seeks a response which is neither relevant nor calculated to narrow the issues of this case based upon the genuinely disputed factual allegations set forth in the parties' respective pleadings. Notwithstanding, and without waiving, such objection, Pelican denies this Request as stated.

**REQUEST NO. 2**: Admit that PELICAN made all of the Unanswered Calls to PLAINTIFF listed in ¶46 of PLAINTIFF's First Amended Complaint using an ATDS.

**RESPONSE**: Pelican objects to this Request on the basis that it is not within the proper scope of a request for admission under FED. R. CIV. P. 36 as it seeks a response which is neither relevant nor calculated to narrow the issues of this case based upon the genuinely disputed factual allegations set forth in the parties' respective pleadings. Notwithstanding, and without waiving, such objection, Pelican denies this Request as stated.

**REQUEST NO. 3**: Admit that PELICAN made all of the Answered Calls to PLAINTIFF listed in ¶46 of PLAINTIFF's First Amended Complaint.

**RESPONSE**: Pelican objects to this Request on the basis that it is not within the proper scope of a request for admission under FED. R. CIV. P. 36 as it seeks a response which is neither relevant nor calculated to narrow the issues of this case based upon the genuinely disputed factual allegations set forth in the parties' respective pleadings. Notwithstanding, and without waiving, such objection, Pelican denies this Request as stated.

**REQUEST NO. 4**: Admit that PELICAN made all of the Answered Calls to PLAINTIFF listed in ¶46 of PLAINTIFF's First Amended Complaint using an ATDS.

**RESPONSE**: Pelican objects to this Request on the basis that it is not within the proper scope of a request for admission under FED. R. CIV. P. 36 as it seeks a response which is neither relevant nor calculated to narrow the issues of this case based upon the genuinely disputed factual allegations set forth in the parties' respective pleadings. Notwithstanding, and without waiving, such objection, Pelican denies this Request as stated.

**REQUEST NO. 5**: Admit that at no time before September 29, 2024, did PELICAN check to see if PLAINTIFF's cell phone number was listed on the National Do Not Call List.

**RESPONSE**: Pelican objects to this Request on the basis that it is not within the proper scope of a request for admission under FED. R. CIV. P. 36 as it seeks a response which is neither relevant nor calculated to narrow the issues of this case based upon the genuinely disputed factual allegations set forth in the parties' respective pleadings. Notwithstanding, and without waiving, such objection, Pelican denies this Request as stated.

**REQUEST NO. 6**: Admit that PELICAN maintains recordings of its telemarketing calls.

**RESPONSE**: Pelican objects to this Request on the basis that it is not within the proper scope of a request for admission under FED. R. CIV. P. 36 as it seeks a response which is neither relevant nor calculated to narrow the issues of this case based upon the genuinely disputed factual allegations set forth in the parties' respective pleadings. Notwithstanding, and without waiving, such objection, Pelican denies this Request as stated as it does not maintain recordings of all outbound calls.

Respectfully submitted,

  */s/ J. Gregory Troutman*
J. GREGORY TROUTMAN (84473)
TROUTMAN LAW OFFICE, PLLC.
4205 Springhurst Boulevard, Suite 201
Louisville, KY 40241
(502) 412-9179
Counsel for Defendant,
Pelican Investment Holdings, LLC

## **CERTIFICATE OF SERVICE**

    I hereby certify that on October 22, 2025, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                            */s/ J. Gregory Troutman*
                                            J. GREGORY TROUTMAN